1   COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2   TRAVIS E. DOWNS III (148274)
    KATHLEEN A. HERKENHOFF (168562)
3   ELLEN GUSIKOFF STEWART (144892)
    BENNY C. GOODMAN III (211302)
4   655 West Broadway, Suite 1900
    San Diego, CA  92101-3301
5   Telephone:  619/231-1058
    619/231-7423 (fax)
6   travisd@csgrr.com
    kathyh@csgrr.com
7   elleng@csgrr.com
    bennyg@csgrr.com
8        – and –
    SHAWN A. WILLIAMS (213113)
9   AELISH M. BAIG (201279)
    100 Pine Street, Suite 2600
10  San Francisco, CA  94111
    Telephone:  415/288-4545
11  415/288-4534 (fax)
    shawnw@csgrr.com
12  abaig@csgrr.com

13  ROBBINS UMEDA & FINK, LLP
    JEFFREY P. FINK (199291)
14  610 West Ash Street, Suite 1800
    San Diego, CA  92101
15  Telephone:  619/525-3990
    619/525-3991 (fax)
16  fink@ruflaw.com

17  Lead Counsel for Plaintiffs

18              UNITED STATES DISTRICT COURT

19             CENTRAL DISTRICT OF CALIFORNIA

20                    WESTERN DIVISION

21  In re KB HOME SHAREHOLDER          )  Master File No.
    DERIVATIVE LITIGATION              )     CV-06-05148-FMC(CTx)
22  _____)
                                       )  STIPULATION OF SETTLEMENT
23  This Document Relates To:          )
                                       )
24       ALL ACTIONS.                  )
                                       )
25  _____)

26

27

28

1    This Stipulation of Settlement dated December 9, 2008 (the "Stipulation"), is
2    made and entered into by and among the following Settling Parties (as defined further
3    in ¶1.19 hereof): (i) John Redfield and Doris Staehr (the "Federal Plaintiffs") (on
4    behalf of themselves and derivatively on behalf of KB Home ("KB Home" or the
5    "Company")); (ii) Eleanor J. Wildt and Sylvie Davidson ("State Plaintiffs" and
6    together with the Federal Plaintiffs, "Plaintiffs"); (iii) the Individual Defendants (as
7    defined in ¶1.10 hereof); and (iv) nominal party, KB Home, including its
8    predecessors, successors, subsidiaries, affiliates, divisions, and assigns, each by and
9    through their respective counsel. The Stipulation is intended by the Settling Parties to
10   fully, finally and forever resolve, discharge and settle the Released Claims (as defined
11   in ¶1.17), upon and subject to the terms and conditions hereof.

12   **I.      INTRODUCTION AND PROCEDURAL OVERVIEW**

13   On August 16, 2006, plaintiff John Redfield filed a complaint in the United
14   States District Court for the Central District of California, Western Division (the
15   "Court"), Case No. CV-06-5148-FMC. On August 31, 2006, plaintiff Doris Staehr
16   filed a complaint under the caption *Staehr v. Karatz, et al.*, Case No. CV-06-5515 in
17   the same court. The two complaints were consolidated by order dated September 21,
18   2006, as *In re KB Home Shareholder Derivative Litigation*, Master File No. CV-06-
19   5148-FMC(CTx) (the "Federal Action"). In the same order, John Redfield and Doris
20   Staehr were appointed lead plaintiffs, and co-lead counsel were appointed.

21   On and after July 10, 2006, two shareholder derivative actions were filed in the
22   Superior Court of the State of California for the County of Los Angeles and were
23   consolidated as *In re KB Home Derivative Litigation*, Master Case No. BC355179 (the
24   "State Action").[1]

25
26   _____

27   [1]    On February 7, 2007, the Superior Court of California, County of Los Angeles,
         entered an order staying the State Action pending resolution of the Federal Action.
28

1    Both the Federal Action and the State Action (collectively referred to herein as
2  the "Actions") allege claims on behalf of KB Home against certain current and former
3  KB Home officers and directors, arising from or relating to the granting of stock
4  options at the Company between 1999 and 2005.

5    On August 24, 2006, KB Home announced that it had been notified by the
6  United States Securities and Exchange Commission ("SEC") of an informal
7  investigation into its historical stock option grants and procedures.  On October 19,
8  2006, KB Home filed a Report on 12b-25 with the SEC stating that the Company
9  would be unable to timely file its Report on Form 10-Q for the quarter ended August
10  31, 2006, due to the ongoing internal investigation into KB Home's stock option
11  grants.  The Company also stated in the same report that the Audit and Compliance
12  Committee of the Company's Board of Directors had reached the preliminary
13  conclusion that "the actual measurement dates for financial accounting purposes of
14  certain stock option grants likely differ from the recorded grant dates," and "[a]s a
15  result, additional non-cash charges for stock based compensation relating to these
16  grants may need to be recorded."

17    On November 12, 2006, the Company announced that its internal investigation
18  had concluded that during the period from 1998 to 2005, the Company used incorrect
19  measurement dates for financial reporting purposes, and that "the incremental non-
20  cash compensation expense arising from these errors is not likely to exceed an
21  aggregate of $50 million, spread over the vesting periods of the options in question.
22  The errors also require an increased tax provision."

23    On December 8, 2006, KB Home announced that its management had
24  determined that, due to incorrect measurement dates for stock option grants, certain of
25  its previously issued financial statements "should no longer be relied upon and will be
26  restated."   At the time, KB Home estimated that the total incremental non-cash
27  compensation expense arising from the stock option dating errors would be
28  approximately $41 million, that its balance sheet would be impacted by an increase of

approximately $60 million in liabilities with a corresponding decrease in shareholders' equity, and that its income tax provision would increase by approximately $15 million.[2]

On January 9, 2007, Federal Plaintiffs filed a Verified Consolidated Shareholders Derivative Complaint ("Consolidated Complaint"). On April 2 and 3, 2007, Defendants filed various motions to dismiss the Consolidated Complaint, seeking to dismiss Federal Plaintiffs' claims for, among other reasons, failure to state a claim and failure to make a pre-suit demand on the KB Home Board of Directors.

On May 18, 2007, Federal Plaintiffs filed a Motion for Partial Summary Judgment seeking summary adjudication for their claims against defendant Karatz for filing false proxy statements in violation of Section 14(a) of the Securities Exchange Act of 1934 (and Rule 14a-9 promulgated thereunder) and for insider trading against defendants Karatz and Ray in violation of California Corporations Code section 25402. Federal Plaintiffs also filed their oppositions to Defendants' motions to dismiss on May 22, 2007.

On May 25, 2007, defendant Ray filed a Motion to Deny Plaintiffs' Motion for Partial Summary Judgment or to Continue Hearing. The parties submitted several stipulations and proposed orders suspending further briefing and hearings on the pending motions in order to mediate the Actions.

On May 11, 2007, Plaintiffs made their initial settlement demand on the Company. Between August 2007 and October 2008, Federal Plaintiffs, the Individual Defendants and KB Home engaged in extensive arm's-length negotiations over the terms of reimbursements to the Company, option cancellations and re-pricing, and corporate governance reform measures to be adopted by the Company as part of any

---

[2] Nothing in this Stipulation may be interpreted as indicating that defendants Bruce Karatz ("Karatz") or Gary A. Ray ("Ray") agree with these statements by KB Home.

resolution of the Federal Action. On August 13 and 14, 2007, counsel for the Federal and State Plaintiffs, counsel for nominal party KB Home, and counsel for the Individual Defendants and Defendants' insurers held a mediation before the Honorable Daniel Weinstein (Ret.) in an attempt to resolve the Federal Action. The parties continued their arm's-length negotiations over a protracted period, both in larger groups of all parties and smaller groups of selected parties, with further mediations in Northern California and New York on August 18, 2007; November 26-27, 2007; April 8, 2008; June 6, 2008; and August 13, 2008. Judge Weinstein conducted all of these sessions in person, and also participated in numerous phone calls, conference calls, and other communications during this 14-month process.

As a result of these negotiations, on or about October 15, 2008, the Settling Parties reached an agreement-in-principle for the resolution of the Actions, as documented herein.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs, KB Home or its shareholders have suffered damage, or that the Plaintiffs, KB Home or its shareholders were harmed by the conduct alleged in the Actions. The Defendants have further asserted that at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of KB Home and its shareholders.

Nonetheless, the Defendants have concluded that further litigation of the Actions against them would be protracted and expensive, and that it is desirable that

the Actions be fully and finally settled against them in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Plaintiffs in the Actions believe that the claims asserted in the Actions have merit. However, counsel for the Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and through appeals. Counsel for the Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Actions. Plaintiffs' Counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon KB Home and its shareholders. Based on their evaluation, Plaintiffs and nominal party KB Home have determined that the settlement set forth in the Stipulation is in the best interests of the Plaintiffs, KB Home and its shareholders.

## IV. TERMS OF STIPULATION OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and derivatively on behalf of KB Home) and the Individual Defendants, by and through their respective counsel or attorneys of record, that, subject to Court approval, the Actions and the Released Claims shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1 "Actions" means, collectively the Federal Action and the State Action.

- 5 -

1.2   "Defendants" means the Individual Defendants and nominal party KB Home.

1.3   "Effective Date" means the first date by which all of the events and conditions specified in ¶6.1 of the Stipulation have been met and have occurred.

1.4   "Federal Co-Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP and Robbins Umeda & Fink, LLP.

1.5   "Federal Court" means the United States District Court for the Central District of California, Western Division.

1.6   "Federal Action" means the consolidated action entitled *In re KB Home Shareholder Derivative Litigation*, Central District of California, Western Division, Master File No. CV-06-05148-FMC (CTx).

1.7   "Federal Plaintiffs" means John Redfield and Doris Staehr.

1.8   "Final" means the time when a Judgment that has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. More specifically it is that situation when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Actions; or (2) an appeal has been filed and the court of appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.

1.9   "Independent Directors" means Directors who are independent as defined by the rules of the Securities Exchange Commission and the New York Stock Exchange.

1.10   "Individual Defendants" means Bruce Karatz, James A. Johnson, Ray R. Irani, Luis G. Nogales, Ron Burkle, Kenneth M. Jastrow, II, J. Terrence Lanni,

1   Michael G. McCaffery, Melissa Lora, Leslie Moonves, Timothy W. Finchem, Barry
2   A. Munitz, Sanford C. Sigoloff, Henry G. Cisneros, Charles R. Rinehart, Steve
3   Bartlett, Jeffrey T. Mezger, Robert Freed, Jay L. Moss, Guy Nafilyan, Michael F.
4   Henn, Albert Z. Praw, Glen Barnard, William R. Cardon, John E. Goodwin, Lisa G.
5   Kalmback, Dominico Cecere, Cory F. Cohen, William R. Hollinger, Gary A. Ray,
6   Leah S.W. Bryant, Steven M. Davis, Lawrence E. Oglesby, Richard B. Hirst, James
7   Widner, and Roger B. Menard.

8       1.11   "Judgment" means the judgment to be rendered by the Federal Court,
9   substantially in the form attached hereto as Exhibit B.

10      1.12   "KB Home" means KB Home and its predecessors, successors,
11   subsidiaries, affiliates, divisions, and assigns.

12      1.13   "Person" means an individual, corporation, limited liability corporation,
13   professional corporation, partnership, limited partnership, limited liability partnership,
14   association, joint stock company, estate, legal representative, trust, unincorporated
15   association, government or any political subdivision or agency thereof, and any
16   business or legal entity and their spouses, heirs, predecessors, successors,
17   representatives, or assignees.

18      1.14   "Plaintiffs" refers collectively to the Federal Plaintiffs and the State
19   Plaintiffs.

20      1.15   "Plaintiffs' Counsel" means the Federal Co-Lead Counsel and State Co-
21   Lead Counsel.

22      1.16   "Related Persons" means each of a Defendant's spouse, heirs, executors,
23   estates, or administrators, any entity in which a Defendant and/or member(s) of his or
24   her family has an interest, each of the Defendants' present and former attorneys, legal
25   representatives, and assigns in connection with the Actions, and all past and present
26   directors, officers, agents, advisors, employees, affiliates, predecessors, successors,
27   parents, subsidiaries, divisions, assigns, and attorneys.

28

1    1.17 "Released Claims" shall collectively mean all claims, demands, rights,
2    liabilities and causes of action of every nature and description whatsoever, known or
3    unknown, asserted or that might have been asserted by any derivative plaintiff on
4    behalf of KB Home, or by KB Home, against each and every Defendant in the
5    Actions, and the Related Persons, including, without limitation, claims for negligence,
6    negligent supervision, gross negligence, indemnification, breach of duty of care and/or
7    breach of duty of loyalty or good faith, fraud, misrepresentation, breach of fiduciary
8    duty, negligent misrepresentation, unfair competition, insider trading, professional
9    negligence, mismanagement, corporate waste, breach of contract, or violations of any
10   state or federal statutes, rules or regulations, that were or could have been alleged in
11   the Actions or that arise from or relate to the matters or occurrences that were alleged
12   in the Actions, including any claims related to the public disclosures relating to stock
13   option grants and purchases or the transactions referenced therein, however described,
14   through and including the date of execution hereof. RELEASED CLAIMS SHALL
15   NOT INCLUDE any claims or rights based on any act or omission that occurs after
16   the execution of this Stipulation, including any claim for breach of this Stipulation. In
17   addition, nothing herein shall supersede or modify either the agreement entitled
18   "Settlement Agreement" between Ray and KB Home entered into as of December 9,
19   2008, or the agreement entitled "Settlement Agreement" between Karatz and KB
20   Home entered into as of December 9, 2008.

21   1.18 "Released Persons" means each and all of the Defendants and their
22   Related Persons.

23   1.19 "Settling Parties" means, collectively, each of the Individual Defendants,
24   KB Home, and the Plaintiffs on behalf of themselves, KB Home, and its shareholders.

25   1.20 "State Co-Lead Counsel" means Rosman & Germain LLP and Barroway
26   Topaz Kessler Meltzer & Check, LLP and The Weiser Law Firm, P.C.

27   1.21 "State Court" means the Superior Court of the State of California for the
28   County of Los Angeles.

1       1.22   "State Action" means *In re KB Home Derivative Litigation*, Los Angeles

2 County Superior Court, Master Case No. BC355179.

3       1.23   "State Plaintiffs" means Eleanor J. Wildt and Sylvie Davidson.

4       1.24   "Unknown Claims" means any Released Claim which any Plaintiff, KB

5 Home or KB Home shareholders do not know or suspect to exist in his, her or its favor

6 at the time of the release of the Released Persons, including claims which, if known

7 by him, her or it, might have affected his, her or its settlement with and release of the

8 Released Persons, or might have affected his, her or its decision not to object to this

9 settlement. With respect to any and all Released Claims, the Settling Parties stipulate

10 and agree that, upon the Effective Date, the Plaintiffs, Individual Defendants and KB

11 Home shall expressly waive and each of the KB Home shareholders shall be deemed

12 to have, and by operation of the Judgment shall have, expressly waived, the

13 provisions, rights and benefits of California Civil Code §1542, which provides:

14                ***A general release does not extend to claims which the creditor***

15 ***does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.***

16 Upon the Effective Date, the Plaintiffs, Individual  Defendants and KB Home shall

17 expressly waive, and each of the KB Home shareholders shall be deemed to have, and

18 by operation of the Judgment shall have, expressly waived any and all provisions,

19 rights and benefits conferred by any law of any jurisdiction or any state or territory of

20 the United States, or principle of common law, which is similar, comparable or

21 equivalent to California Civil Code §1542. The Plaintiffs, Individual Defendants, KB

22 Home and KB Home shareholders may hereafter discover facts in addition to or

23 different from those which he, she or it now knows or believes to be true with respect

24 to the subject matter of the Released Claims, but, upon the Effective Date, each

25 Plaintiff, Individual Defendant and KB Home shall expressly settle and release, and

26 each KB Home shareholder, shall be deemed to have, and by operation of the

27 Judgment shall have, fully, finally, and forever settled and released any and all

28

1  Released Claims, known or unknown, suspected or unsuspected, contingent or non-
2  contingent, whether or not concealed or hidden, which now exist, or heretofore have
3  existed upon any theory of law or equity now existing or coming into existence in the
4  future, including, but not limited to, conduct which is negligent, intentional, with or
5  without malice, or a breach of any duty, law or rule, without regard to the subsequent
6  discovery or existence of such different or additional facts.  The Settling Parties
7  acknowledge, and the KB Home shareholders shall be deemed by operation of the
8  Judgment to have acknowledged, that the foregoing waiver was separately bargained
9  for and is a key element of the settlement of which this release is a part.

10     **2.     Settlement Consideration**

11     2.1    Payments to the Company.

12          (a)     Terms Relating to Defendant Karatz:  Counsel for Federal
13  Plaintiffs, State Plaintiffs, Karatz, and KB Home have conducted negotiations for the
14  settlement of any and all claims that Karatz may have against the Company and any
15  and all claims the Company may have against Karatz related to the claims alleged in
16  the Actions and have agreed to the following:

17          (i)     Defendant Karatz has or shall make a cash payment to KB
18  Home in the total amount of $8,494,890.50, which shall include a credit for
19  $6,714,819.27 already paid to KB Home by Karatz on October 7, 2008;

20          (ii)    Defendant Karatz agrees to forfeit 1,379,594 shares of his
21  restricted KB Home stock and 3,011,452 outstanding vested and unvested options to
22  purchase KB Home common stock; and

23          (iii)   Defendant Karatz agrees to release the Company from any
24  claims or potential claims for vested unexpired options and any unpaid amounts from
25  the Company and for any claims or potential claims for cash severance, including
26  without limitation, the $62 million cash payment Karatz claims is called for in
27  accordance with Section 5(c) of his Employment Agreement, and any claims to any
28  other benefits under Section 6 of his Employment Agreement with KB Home

(including lifetime medical benefits, dental benefits, and office and administrative support). In exchange, the Company agrees to release Karatz from any claims or potential claims that have been or could have been alleged by KB Home or Federal or State Plaintiffs in the Federal and State Actions. The Company further agrees that, notwithstanding any other provision of this Stipulation, Karatz does not release and the Company agrees not to compromise or seek termination of (1) any and all of its indemnification obligations to Karatz under Delaware law, the Company's Articles of Incorporation and Bylaws, or in agreements between the Company and Karatz (or any disputes the parties may currently have with respect to these issues), and (2) certain vested and/or related rights held by Karatz, specifically, his deferred compensation, retirement plan and Supplemental Executive Retirement Plan benefits, his Death Benefit Only life insurance benefit, his unpaid, prorated incentive compensation and UPP payments for 2006 (minus a $1,000,000 deduction) and 156,325 net shares of KB Home restricted stock to be released to Karatz. KB Home and Karatz acknowledge and agree that the Actions were a material factor in Karatz's decision to forfeit restricted stock, cancel options to purchase KB Home common stock, and to release any claims or potential claims for unpaid amounts or stock options, and make a cash contribution to the Company.

(b)     Terms Relating to Defendant Ray: Counsel for Federal Plaintiffs, State Plaintiffs, Ray, and KB Home have conducted negotiations for the settlement of any and all claims that Ray may have against the Company and any and all claims the Company may have against Ray related to the claims alleged in the Actions and have agreed to the following:

(i)     Defendant Ray shall make a $1,000,000 cash payment to KB Home and will relinquish his entire account balance of approximately $164,000 in the KB Home Non-Qualified Deferred Compensation Plan;

(ii)    Defendant Ray agrees that, as a result of the circumstances under which he separated from KB Home, he shall forfeit all 11,800 shares of his

- 11 -

1  restricted KB Home stock and 251,544 outstanding vested and unvested options to
2  purchase KB Home common stock; and

3            (iii)       Defendant Ray agrees to release the Company from any
4  claims or potential claims for vested unexpired options and any unpaid amounts from
5  the Company.  Defendant Ray also agrees to release the Company from any claims or
6  potential claims for: any benefits under KB Home's Retirement Plan; any benefits
7  under KB Home's Death Benefit Only Plan; and for unpaid bonuses, unpaid UPP
8  performance awards or any other compensation or claims in connection with his
9  employment at KB Home.  In exchange, the Company agrees to release Ray from any
10 claims or potential claims that have been or could have been alleged by KB Home or
11 Federal or State Plaintiffs in the Federal and State Actions.  The Company further
12 agrees not to compromise or seek termination of any and all of its indemnification
13 obligations to Ray under Delaware law, the Company's Articles of Incorporation and
14 Bylaws, or agreements between the Company and Ray.  KB Home and Ray
15 acknowledge and agree that the Federal Action was a material factor in Ray's decision
16 to forfeit restricted stock, cancel options to purchase KB Home common stock, release
17 any claims or potential claims for unpaid amounts or stock options, and make a cash
18 contribution to the Company.

19          (c)     Terms Relating to Insurance Monies:  In conjunction with this
20 settlement, various insurance carriers have also agreed to pay KB Home $21.5
21 million.

22          (d)     KB Home, Karatz and Ray acknowledge and agree that the
23 negotiations between and among the Settling Parties was the direct cause of Karatz's
24 and Ray's decision to forfeit the restricted stock and options identified in ¶¶2.1(a)(ii)
25 and 2.1(b)(ii), to release any claims identified in ¶¶2.1(a)(iii) and 2.1(b)(iii); and
26 Karatz's, Ray's and the D&O carriers' decisions to make the cash contributions to the
27 Company identified in ¶¶2.1(a)(i), 2.1(b)(i), and 2.1(c).

28

2.2    Corporate Governance Reforms.  KB Home and the Federal Plaintiffs have conducted negotiations and have reached agreement regarding various corporate governance issues, including certain enhancements to internal controls and procedures at the Company, which measures have been reviewed and agreed upon by counsel for the State Plaintiffs.  Upon approval of the settlement by this Court, provided that all of the events set forth in ¶6.1 of the Stipulation have been met and have occurred, KB Home shall maintain and/or adopt the corporate governance measures set forth below within three (3) months from the Effective Date.   These corporate governance measures shall be operative for a four (4)  year period from the date of preliminary approval unless otherwise provided herein.  These corporate governance provisions are designed to improve the Company's corporate governance and increase KB Home stockholders' value. KB Home acknowledges that the Actions were a material factor in the Company's decision to adopt and/or maintain these provisions.

1.    Separation of the Chairman of the Board and the Chief Executive Officer

KB Home's Corporate Governance Principles shall provide that separate individuals shall hold the positions of Chairman of the Board and Chief Executive Officer of the Company, and that the Chairman of the Board should not be an employee of the Company.

2.    Declassification of the KB Home Board of Directors

KB Home's Certificate of Incorporation shall:

(a)    No longer contain Director classes and instead shall require the annual election of Directors by no later than the 2010 annual meeting of shareholders.

(b)    No longer contain any "fair price" provision or any related supermajority voting requirements for undertaking corporate actions or transactions.

3.    Majority Voting for Directors

In uncontested director elections, director nominees shall be elected to the Board by a majority of the votes cast.

4.    Compensation Review

- 13 -

At least once every three years the Management Development and Compensation Committee shall select and retain an independent consultant to conduct a comparative study of the Company's executive compensation policies, practices, and procedures relative to other public companies and prepare and submit to the Management Development and Compensation Committee a report and recommendations.

5.    Stock Option Grants

(i)    The Company shall maintain a policy requiring that the exercise price of stock option grants shall be as specified in the resolution approving the option grant and shall not be less than the price of the Company's stock on the grant date as provided in the plan under which the grant is made (*e.g.*, the closing price). The policy shall provide that if, for any reason, the approval resolution does not specify the exercise price, the exercise price shall be the closing price of the Company's stock on the grant date. Stock options may be granted with terms not in accordance with the policy only if such grants are approved by the Board of Directors or Management Development and Compensation Committee by written resolution and are consistent with the relevant plan and applicable law; provided, however, that the Company agrees that under no circumstances during the term of this agreement will any option grants be dated prior to the date of actual approval.

(ii)    All stock option awards and the terms thereof shall be approved by resolution of the full Board or a properly constituted Management Development and Compensation Committee to the extent permitted by the relevant plan and by applicable law, and shall not be delegated to any member of KB Home's management.

(iii)    Grants of stock options may be made by unanimous written consent ("UWC") only if all signatures of the members of the granting body are received by Company counsel and the senior officer responsible for the Company's Human Resources function prior to the grant date.

(iv)     The Company's General Counsel and/or Corporate Counsel shall attend any and all meetings where options are granted and minutes for these meetings shall be prepared and approved at the following scheduled meeting of the Granting Body; provided, however, that during the term of this agreement the Company agrees to prepare a draft of such minutes within seven (7) business days. The General Counsel shall advise the Management Development and Compensation Committee as to all relevant legal matters concerning the scope of the Management Development and Compensation Committee's responsibilities.

(v)     Annual awards of stock options granted to existing employees shall be granted only on pre-set dates, *e.g.*, in conjunction with a Management Development and Compensation Committee meeting held in October of each year, unless otherwise set by the full Board or Management Development and Compensation Committee at least thirty (30) days in advance.

6.     No Executive Committee of the Board of Directors

The Board of Directors shall not have an Executive Committee of the Board and the Management Development and Compensation Committee and Nominating Committee shall be comprised entirely of Independent Directors as defined herein.

7.     Limits on Severance Payments

The Company shall not enter into any future severance agreement with an Executive Officer that provides for benefits in an amount exceeding 2.99 times the Executive Officer's base salary and target bonus, unless such future severance agreement receives shareholder approval.  Any severance agreement exceeding this threshold shall require shareholder approval.

**3.     Settlement Procedure**

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation and its Exhibits to the Federal Court and apply for an order substantially in the form of Exhibit A hereto, requesting preliminary approval of the settlement set forth in the Stipulation.

- 15 -

3.2     Plaintiffs shall also move the Federal Court to approve notice to KB Home shareholders in the form and manner of a published notice to be agreed upon by the Settling Parties.

3.3     Plaintiffs shall request that after notice is given, the Federal Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Federal Action as set forth herein, including payment of Plaintiffs' Counsel's attorney's fees and expenses in the amount negotiated by the parties following negotiation of the payments to the Company and the Corporate Governance Reforms.

3.4     Within ten (10) business days after the conditions set forth in ¶6.1(a), (b), (c), and (d) below occur, the Settling Parties in the State Action shall jointly apply to the State Court for an order dismissing the State Action with prejudice, and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things reasonably necessary, proper and appropriate to secure such a dismissal.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.3, KB Home and the Plaintiffs (acting on their own behalf and derivatively on behalf of KB Home) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.2     Upon the Effective Date, as defined in ¶1.3, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or

1  resolution of the Actions or the Released Claims. Nothing herein shall in any way
2  impair or restrict the rights of any Settling Party to enforce the terms of the
3  Stipulation.

4  **5.     Plaintiffs' Counsel's Attorneys' Fees and Expenses**

5  5.1     After negotiating the payments to the Company and the Corporate
6  Governance Reforms, counsel for Plaintiffs and KB Home, with the actual assistance
7  and participation of Judge Weinstein, negotiated the attorneys' fees to be paid to
8  counsel for Plaintiffs in light of the substantial benefits conferred upon the Company.
9  The Company has agreed to pay $10,500,000 to counsel for Plaintiffs in the Actions
10 for their fees and expenses, subject to Court approval. Within ten (10) business days
11 of issuance of an order by the Federal Court finally approving the settlement, the
12 Company shall make such payment to Coughlin Stoia Geller Rudman & Robbins LLP
13 as receiving agent for all Plaintiffs' Counsel. This amount shall be held in a client
14 trust account as *custodia legis*, subject to further order of the Federal Court, and
15 subject to Plaintiffs' Counsel's joint and several obligation to make appropriate
16 refunds or repayments of the principal amount and any accrued interest if and when,
17 as a result of any further order of the Federal Court, appeal, further proceedings or
18 remand, or successful collateral attack, the settlement is not approved or is overturned
19 on appeal. Federal Co-Lead Counsel shall be responsible for the allocation of such
20 fees and expenses to Plaintiffs' Counsel, based upon each counsel's contribution to
21 the initiation, prosecution and/or resolution of the Actions.

22 **6.     Conditions of Settlement; Effect of Disapproval,
         Cancellation or Termination**

23
24 6.1     The Effective Date of the Stipulation shall be conditioned on the
   occurrence of all of the following events:
25
26       (a)     approval of the settlement by the KB Home Board of Directors;

27       (b)     entry of the Judgment by the Federal Court;

28       (c)     the Company has paid the awarded attorneys' fees and expenses;

- 17 -

(d)     passing of the date upon which the Judgment becomes Final; and

(e)     dismissal of the State Action with prejudice.

6.2     If any of the conditions specified in ¶6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶6.3 unless Plaintiffs' Counsel and counsel for the Settling Parties mutually agree in writing to proceed with the Stipulation.

6.3     If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if any rulings in the Actions related to the Stipulation are successfully attacked collaterally, the payments to Plaintiffs' Counsel pursuant to ¶5.1 shall be returned to the Company within seven (7) calendar days of said event, and upon written notification by KB Home.

**7.     Miscellaneous Provisions**

7.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Actions.  The settlement comprises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation or defense.   While the Individual Defendants deny that the claims advanced in the Actions as against them are meritorious, these Individual Defendants agree that the Actions were filed and maintained in good faith and in accordance with the applicable federal rules, including, without limitation, Federal Rule of Civil Procedure 11. The Settling Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel.  The Settling Parties will jointly request that the Judgment contain a finding that during the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

7.3     Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation and the settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Defendants or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4     The Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.5     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.6     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or any of its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

7.7     Plaintiffs' Counsel, derivatively on behalf of KB Home, are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms and also are expressly

1  authorized by the Plaintiffs to enter into any modifications or amendments to the
2  Stipulation which they deem appropriate on behalf of the Plaintiffs.

3      7.8    Each counsel or other Person executing the Stipulation and its Exhibits
4  on behalf of any Settling Party hereby warrants that such Person has the full authority
5  to do so.

6      7.9    The Stipulation may be executed in one or more counterparts.  All
7  executed counterparts and each of them shall be deemed to be one and the same
8  instrument.  A complete set of counterparts, either originally executed or copies
9  thereof, shall be filed with the Court.

10     7.10   The Stipulation shall be binding upon, and inure to the benefit of, the
11  successors and assigns of the Settling Parties and the Released Persons.

12     7.11   The Federal Court shall retain jurisdiction with respect to implementation
13  and enforcement of the terms of the Stipulation, and the Settling Parties submit to the
14  jurisdiction of the Federal Court for purposes of implementing and enforcing the
15  settlement embodied in the Stipulation.

16     7.12   This Stipulation and the Exhibits attached hereto shall be considered to
17  have been negotiated, executed and delivered, and to be wholly performed, in the
18  State of California, and the rights and obligations of the parties to the Stipulation shall
19  be construed and enforced in accordance with, and governed by, the internal,
20  substantive laws of the State of California without giving effect to that State's choice-
21  of-law principles.

22
23
24
25
26
27
28

1    IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to

2  be executed by their duly authorized attorneys and dated December 9, 2008.

3                                           COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
4                                           TRAVIS E. DOWNS III
                                           KATHLEEN A. HERKENHOFF
5                                           ELLEN GUSIKOFF STEWART
                                           BENNY C. GOODMAN III
6

7

8                                                 BENNY C. GOODMAN III

9                                           655 West Broadway, Suite 1900
                                           San Diego, CA 92101-3301
10                                          Telephone: 619/231-1058
                                           619/231-7423 (fax)
11
                                           COUGHLIN STOIA GELLER
12                                            RUDMAN & ROBBINS LLP
                                           SHAWN A. WILLIAMS
13                                          AELISH M. BAIG
                                           100 Pine Street, Suite 2600
14                                          San Francisco, CA 94111
                                           Telephone: 415/288-4545
15                                          415/288-4534 (fax)

16                                          ROBBINS UMEDA & FINK, LLP
                                           JEFFREY P. FINK
17                                          610 West Ash Street, Suite 1800
                                           San Diego, CA 92101
18                                          Telephone: 619/525-3990
                                           619/525-3991 (fax)
19
                                           Lead Counsel for Plaintiffs in the Federal
20                                          Action

21                                          ROSMAN & GERMAIN LLP
                                           DANIEL L. GERMAIN
22

23

24                                                DANIEL L. GERMAIN

25                                          16311 Ventura Boulevard, Suite 1200
                                           Encino, CA 91436-2152
26                                          Telephone: 818/788-0877
                                           818/788-0885
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

Counsel for Lead Plaintiffs in the State
Action

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER

_Robert Weiser /nc_
_____
ROBERT B. WEISER

121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Telephone:  610/225-2677
610/225-2678 (fax)

Additional Counsel for Plaintiffs in the
State Action

MUNGER, TOLLES & OLSON LLP
JOHN W. SPIEGEL
BRUCE A. ABBOTT
J. RAZA LAWRENCE

_____
BRUCE A. ABBOTT

355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Telephone:  213/683-9100
213/687-3702 (fax)

Attorneys for Nominal Defendant KB
Home

CALDWELL, LESLIE
& PROCTOR, PC
CHRISTOPHER G. CALDWELL

_____
CHRISTOPHER G. CALDWELL

- 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

Counsel for Lead Plaintiffs in the State
Action

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER

_____
        ROBERT B. WEISER

121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Telephone:  610/225-2677
610/225-2678 (fax)

Additional Counsel for Plaintiffs in the
State Action

MUNGER, TOLLES & OLSON LLP
JOHN W. SPIEGEL
BRUCE A. ABBOTT
J. RAZA LAWRENCE

_____
        BRUCE A. ABBOTT

355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071
Telephone:  213/683-9100
213/687-3702 (fax)

Attorneys for Nominal Defendant KB
Home

CALDWELL, LESLIE
 & PROCTOR, PC
CHRISTOPHER G. CALDWELL

_____
    CHRISTOPHER G. CALDWELL

- 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Counsel for Lead Plaintiffs in the State
Action

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER


_____
ROBERT B. WEISER

121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
610/225-2678 (fax)

Additional Counsel for Plaintiffs in the
State Action

MUNGER, TOLLES & OLSON LLP
JOHN W. SPIEGEL
BRUCE A. ABBOTT
J. RAZA LAWRENCE


_____
BRUCE A. ABBOTT

355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
Telephone: 213/683-9100
213/687-3702 (fax)

Attorneys for Nominal Defendant KB
Home

CALDWELL, LESLIE
  & PROCTOR, PC
CHRISTOPHER G. CALDWELL


_____
CHRISTOPHER G. CALDWELL

- 22 -

1000 Wilshire Boulevard, Suite 600
Los Angeles, CA  90017
Telephone:  213/629-9040
213/629-9022 (fax)

KEKER & VAN NEST
JOHN W. KEKER
710 Sansome Street
San Francisco, CA  94111-1704
Telephone: 415/391-5400
415/397-7188 (fax)

Attorneys for Defendant Bruce Karatz

ORRICK, HERRINGTON &
   SUTCLIFFE
MARK E. BECK

_____
                MARK E. BECK

777 S. Figueroa Street
Suite 3200
Los Angeles, CA  90017
Telephone: 213/629-2020
213/612-2499 (fax)

Attorneys for Defendant Gary Ray

GIBSON, DUNN & CRUTCHER LLP
MICHAEL FARHANG

with permission
RL
_____
                MICHAEL FARHANG

333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213/229-7000
213/229-7520 (fax)

1

2          Attorneys for Defendants James A.
           Johnson, Ray R. Irani, Luis G. Nogales,
3          Ron Burkle, Kenneth M. Jastrow II, J.
           Terrence Lanni, Michael G. McCaffery,
4          Melissa Lora, Leslie Moonves, Timothy
           W. Finchem, Jeffrey T. Mezger, Robert
5          Freed, Jay L. Moss, Michael F. Henn,
6          Albert Z. Praw, Glen Barnard, John E.
           Goodwin, Domenico Cecere, Cory F.
7          Cohen, William R. Hollinger, Leah S.W.
8          Bryant, Steven M. Davis, Lawrence E.
           Oglesby, Barry A. Munitz, Sanford C.
9          Sigoloff, Henry G. Cisneros, Charles R.
10         Rinehart, Steve Bartlett, Guy Nafilyan and
           Lisa G. Kalmbach
11

12         PROSKAUER ROSE LLP
           BERT DEIXLER
13         DAMIAN J. MARTINEZ

14                                       with permission
15         *Bert Deixler* /             RL
16                   BERT DEIXLER

17         2049 Century Park East
           Suite 3200
18         Los Angeles, CA  90067-3206
19         Telephone: 310/557-2900
           310/557-2193 (fax)
20
21         Attorneys for Defendant Richard B. Hirst

22

23

24

25

26

27

28
                        - 24 -

1  <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on December 9, 2008, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

5  List, and I hereby certify that I have mailed the foregoing document or paper via the

6  United States Postal Service to the non-CM/ECF participants indicated on the attached

7  Manual Notice List.

8       I certify under penalty of perjury under the laws of the United States of America

9  that the foregoing is true and correct.  Executed on December 9, 2008.

10

11                            s/ Benny C. Goodman III
                          BENNY C. GOODMAN III

12                            COUGHLIN STOIA GELLER
                             RUDMAN & ROBBINS LLP

13                            655 West Broadway, Suite 1900
                          San Diego, CA  92101-3301

14                            Telephone:  619/231-1058
                          619/231-7423 (fax)

15

16                            E-mail:      Bennyg@csgrr.com

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 2:06-cv-05148-FMC-CT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Benjamin B Au**
  bba@kvn.com

- **Mark E Beck**
  mbeck@orrick.com,melhardouzi@orrick.com

- **Christopher G Caldwell**
  caldwell@caldwell-leslie.com,hayes@caldwell-leslie.com,wilson@caldwell-leslie.com

- **Clifford S Davidson**
  cdavidson@proskauer.com

- **Anthony A De Corso**
  adecorso@orrick.com

- **Bert H Deixler**
  bdeixler@proskauer.com

- **Robert L Dell Angelo**
  robert.dellangelo@mto.com

- **Travis E Downs , III**
  travisd@csgrr.com

- **Marc T G Dworsky**
  marc.dworsky@mto.com

- **Andrew A Esbenshade**
  esbenshade@caldwell-leslie.com,carpenter@caldwell-leslie.com,wilson@caldwell-leslie.com

- **Michael M Farhang**
  mfarhang@gibsondunn.com

- **Jeffrey P Fink**
  jfink@ruflaw.com,notice@ruflaw.com

- **Benny C Goodman , III**
  bgoodman@csgrr.com

- **Eric A Gressler**
  egressler@orrick.com

2 6

- **Kathleen Ann Herkenhoff**
  kathyh@csgrr.com,lisamp@csgrr.com,e_file_sd@csgrr.com

- **John W Keker**
  jkeker@kvn.com,efiling@kvn.com,DRoberts@kvn.com

- **Dean J Kitchens**
  dkitchens@gibsondunn.com

- **James Raza Lawrence**
  raza.lawrence@mto.com,Sharon.Nial@mto.com

- **Damian J Martinez**
  dmartinez@proskauer.com

- **Mark Mermelstein**
  mmermelstein@orrick.com

- **Michael J Proctor**
  proctor@caldwell-leslie.com

- **Brian J Robbins**
  notice@ruflaw.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **John W Spiegel**
  john.spiegel@mto.com

- **Jeremy W Stamelman**
  jstamelman@gibsondunn.com

- **Shawn A Williams**
  shawnw@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Rashida Aune Adams
Caldwell Leslie and Proctor
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017

Sharla N Hilburn
Robbins Umeda and Fink
610 West Ash Street, Suite 1800
San Diego, CA 92101
```

27

**William S Lerach**
Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

**Monique C Winkler**
Coughlin Stoia Geller Rudman and Robbins
100 Pine Street, Suite 2600
San Francisco, CA 94111

Manual Service List
*In re KB Home Shareholder Derivative Litigation*
Master File No. CV-06-05148-FMC(CTx)


Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 10th Floor
Los Angeles, CA  90071-2899

Nichole Browning
Barroway Topaz Kessler
  Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087

**EXHIBIT A**

1 | COUGHLIN STOIA GELLER
  |   RUDMAN & ROBBINS LLP
2 | TRAVIS E. DOWNS III (148274)
  | KATHLEEN A. HERKENHOFF (168562)
3 | ELLEN GUSIKOFF STEWART (144892)
  | BENNY C. GOODMAN III (211302)
4 | 655 West Broadway, Suite 1900
  | San Diego, CA 92101-3301
5 | Telephone: 619/231-1058
  | 619/231-7423 (fax)
6 | travisd@csgrr.com
  | kathyh@csgrr.com
7 | elleng@csgrr.com
  | bennyg@csgrr.com
8 |   – and –
  | SHAWN A. WILLIAMS (213113)
9 | AELISH M. BAIG (201279)
  | 100 Pine Street, Suite 2600
10 | San Francisco, CA 94111
   | Telephone: 415/288-4545
11 | 415/288-4534 (fax)
   | shawnw@csgrr.com
12 | abaig@csgrr.com

13 | ROBBINS UMEDA & FINK, LLP
   | JEFFREY P. FINK (199291)
14 | 610 West Ash Street, Suite 1800
   | San Diego, CA 92101
15 | Telephone: 619/525-3990
   | 619/525-3991 (fax)
16 | fink@ruflaw.com

17 | Lead Counsel for Plaintiffs

18 | UNITED STATES DISTRICT COURT

19 | CENTRAL DISTRICT OF CALIFORNIA

20 | WESTERN DIVISION

| | |
|---|---|
| In re KB HOME SHAREHOLDER DERIVATIVE LITIGATION | )<br>)<br>) | Master File No.<br>  CV-06-05148-FMC(CTx) |
| This Document Relates To:<br><br>   ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>) | [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

**3 0**

1          WHEREAS, the parties having made application, pursuant to Federal Rule of

2 Civil Procedure 23.1, for an order (i) preliminarily approving the settlement (the

3 "Settlement") of the Federal Action, in accordance with the Stipulation of Settlement

4 dated December 9, 2008 (the "Stipulation"), which, together with the Exhibits

5 annexed thereto, sets forth the terms and conditions for a proposed Settlement and

6 dismissal of the Federal Action with prejudice, upon the terms and conditions set forth

7 therein; and (ii) approving for distribution of the Notice of Proposed Settlement

8 ("Notice");

9          WHEREAS, all capitalized terms contained herein shall have the same

10 meanings as set forth in the Stipulation (in addition to those capitalized terms defined

11 herein); and

12          WHEREAS, this Court, having considered the Stipulation and the Exhibits

13 annexed thereto and having heard the arguments of the Settling Parties at the

14 preliminary approval hearing:

15          NOW THEREFORE, IT IS HEREBY ORDERED:

16      1.     This Court does hereby preliminarily approve, subject to further

17 consideration at the Settlement Hearing described below, the Stipulation and the

18 Settlement set forth therein, including the terms and conditions for settlement and

19 dismissal with prejudice of the Federal Action.

20      2.     A hearing (the "Settlement Hearing") shall be held before this Court on

21 _____, 2009, at _____ __.m., at the United States District Court, Central District

22 of California, 255 East Temple Street, Courtroom 750, Los Angeles, California 90012,

23 to determine whether the Settlement of the Federal Action on the terms and conditions

24 provided for in the Stipulation is fair, reasonable, and adequate to the KB Home

25 shareholders and to KB Home and should be approved by the Court; whether a

26 Judgment as provided in ¶1.11 of the Stipulation should be entered herein, and to

27 award attorneys' fees and expenses in the agreed-to amount to Plaintiffs' Counsel.

28

**3 1**

1       3.    The Court approves, as to form and content, the notices annexed as
2   Exhibits A-1 and A-2 hereto, and finds that the distribution of the Notice substantially
3   in the manner and form set forth in this Order meets the requirements of Federal Rule
4   of Civil Procedure 23.1 and due process, and is the best notice practicable under the
5   circumstances and shall constitute due and sufficient notice to all Persons entitled
6   thereto.

7       4.    Not later than ten (10) days following entry of this Order, KB Home shall
8   cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto,
9   to: (a) be filed with the Securities and Exchange Commission as a filing on Form 8-K;
10  and (b) be posted on the "Investor Relations" section of its corporate website, where it
11  shall remain posted until the deadline has passed for submitting any written objections
12  to the Settlement.

13      5.    Not later than ten (10) days following entry of this Order, KB Home shall
14  cause a copy of the Summary Notice, substantially in the form annexed as Exhibit A-2
15  hereto, to be published once in the national edition of *Investor's Business Daily*.

16      6.    At least seven (7) days prior to the Settlement Hearing, KB Home's
17  counsel shall serve on counsel for the Federal Plaintiffs and file with the Court proof,
18  by affidavit or declaration, of such filing, posting, and publication.

19      7.    All current KB Home shareholders shall be bound by all orders,
20  determinations and judgments in the Federal Action concerning the Settlement,
21  whether favorable or unfavorable to current KB Home shareholders.

22      8.    Pending final determination of whether the Settlement should be
23  approved, no current KB Home shareholder, either directly, representatively, or in any
24  other capacity, shall commence or prosecute against any of the Defendants, any action
25  or proceeding in any court or tribunal asserting any of the Released Claims.

26      9.    All papers in support of the Settlement and the award of attorneys' fees
27  and expenses shall be filed with the Court and served at least seven (7) calendar days
28  prior to the Settlement Hearing.

32

10.     Any current KB Home shareholder may appear and show cause, if he, she or it has any, why the terms of the Settlement of the Federal Action should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no current KB Home shareholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14) days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

**Co-Lead Counsel for Federal Plaintiffs**

Ellen Gusikoff Stewart
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

**Co-Lead Counsel for State Plaintiffs**

Daniel L. Germain
ROSMAN & GERMAIN LLP
16311 Ventura Boulevard, Suite 1200
Encino, CA  91436

**Counsel for Nominal Party KB Home**

Bruce A. Abbott
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071

**Counsel for Defendant Bruce Karatz**

Christopher G. Caldwell
CALDWELL, LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA  90017

- 3 -

3 3

1

2      ***Counsel for Defendant Gary Ray***

3      Mark E. Beck
4      ORRICK, HERRINGTON & SUTCLIFFE
       777 S. Figueroa Street, Suite 3200
5      Los Angeles, CA 90017

6
       ***Counsel for Defendants James A. Johnson, Ray R. Irani, Louis G.***
7      ***Nogales, Ron Burkle, Kenneth M. Jastrow II, J. Terrence Lanni,***
       ***Michael G. McCaffery, Melissa Lora, Leslie Moonves, Timothy W.***
8      ***Finchem, Jeffrey T. Mezger, Robert Freed, Jay L. Moss, Guy***
9      ***Nafilyan, Michael F. Henn, Albert Z. Praw, Glen Barnard, John E.***
       ***Goodwin, Domenico Cecere, Cory F. Cohen, William R. Hollinger,***
10     ***Leah S.W. Bryant, Steven M. Davis, Lawrence E. Oglesby, Barry A.***
11     ***Munitz, Sanford C. Sigoloff, Henry G. Cisneros, Charles R.***
       ***Rinehart, Steve Bartlett and Lisa G. Kalmbach***
12

13     Michael Farhang
14     GIBSON, DUNN & CRUTCHER LLP
       333 South Grand Avenue
15     Los Angeles, CA 90071

16
       ***Counsel for Defendant Richard B. Hirst***
17

18     Bert Deixler
       PROSKAUER ROSE LLP
19     2049 Century Park East, Suite 3200
20     Los Angeles, CA 90067

21     The written objections and copies of any papers and briefs in support thereof to be

22     filed in Court shall be delivered by hand or sent by first class mail to:

23     Clerk of the Court
       UNITED STATES DISTRICT COURT
24     CENTRAL DISTRICT OF CALIFORNIA
       WESTERN DIVISION
25     Edward R. Roybal Federal Building and Courthouse
       255 East Temple Street
26     Los Angeles, CA 90012

27     Any current KB Home shareholder who does not make his, her or its objection in the

28     manner provided herein shall be deemed to have waived such objection and shall

                                    - 4 -                                    3 4

1  forever be foreclosed from making any objection to the fairness, reasonableness, or
2  adequacy of the Settlement as incorporated in the Stipulation and to the award of
3  attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the
4  Court, but shall otherwise be bound by the Judgment to be entered and the releases to
5  be given.

6      11.    Neither the Stipulation nor the Settlement, nor any act performed or
7  document executed pursuant to or in furtherance of the Stipulation or the Settlement:
8  (a) is or may be deemed to be or may be offered, attempted to be offered or used in
9  any way by the Settling Parties as a presumption, a concession or an admission of, or
10 evidence of, any fault, wrongdoing or liability of the Defendants or of the validity of
11 any Released Claims; or (b) is intended by the Settling Parties to be offered or
12 received as evidence or used by any other person in any other actions or proceedings,
13 whether civil, criminal or administrative.  Released Parties may file the Stipulation
14 and/or the Judgment in any action that may be brought against them in order to
15 support a defense or counterclaim based on principles of *res judicata*, collateral
16 estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction
17 or any other theory of claim preclusion or issue preclusion or similar defense or
18 counterclaim.

19
20
21
22
23
24
25
26
27
28

35

1      12.    The Court reserves the right to adjourn the date of the Settlement Hearing

2 or modify any other dates set forth herein without further notice to the current KB

3 Home shareholders, and retains jurisdiction to consider all further applications arising

4 out of or connected with the Settlement. The Court may approve the Settlement, with

5 such modifications as may be agreed to by the Settling Parties, if appropriate, without

6 further notice to the current KB Home shareholders.

7      IT IS SO ORDERED.

8 DATED:   _____   _____

9                          THE HONORABLE FLORENCE-MARIE COOPER

10                          UNITED STATES DISTRICT JUDGE

S:\Settlement\KB Home.set\EA00055248.doc

**EXHIBIT A-1**

1 | COUGHLIN STOIA GELLER
  | RUDMAN & ROBBINS LLP
2 | TRAVIS E. DOWNS III (148274)
  | KATHLEEN A. HERKENHOFF (168562)
3 | ELLEN GUSIKOFF STEWART (144892)
  | BENNY C. GOODMAN III (211302)
4 | 655 West Broadway, Suite 1900
  | San Diego, CA 92101-3301
5 | Telephone: 619/231-1058
  | 619/231-7423 (fax)
6 | travisd@csgrr.com
  | kathyh@csgrr.com
7 | elleng@csgrr.com
  | bennyg@csgrr.com
8 | – and –
  | SHAWN A. WILLIAMS (213113)
9 | AELISH M. BAIG (201279)
  | 100 Pine Street, Suite 2600
10 | San Francisco, CA 94111
   | Telephone: 415/288-4545
11 | 415/288-4534 (fax)
   | shawnw@csgrr.com
12 | abaig@csgrr.com

13 | ROBBINS UMEDA & FINK, LLP
   | JEFFREY P. FINK (199291)
14 | 610 West Ash Street, Suite 1800
   | San Diego, CA 92101
15 | Telephone: 619/525-3990
   | 619/525-3991 (fax)
16 | fink@ruflaw.com

17 | Lead Counsel for Plaintiffs

18 | UNITED STATES DISTRICT COURT

19 | CENTRAL DISTRICT OF CALIFORNIA

20 | WESTERN DIVISION

21 | In re KB HOME SHAREHOLDER )  Master File No.
   | DERIVATIVE LITIGATION    )  CV-06-05148-FMC(CTx)
22 | _____ )
   |                          )  NOTICE OF PROPOSED
23 | This Document Relates To: )  SETTLEMENT
   |                          )
24 | ALL ACTIONS.             )  EXHIBIT A-1
   |                          )
25 | _____ )

26 |

27 |

28 |

3 7

**TO:  ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF KB HOME ("KB HOME" OR THE "COMPANY") AS OF DECEMBER 9, 2008 (THE "RECORD DATE") ("CURRENT KB HOME SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED SHAREHOLDERS' DERIVATIVE ACTION AND A PARALLEL ACTION PENDING IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS IN THE ACTIONS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD KB HOME COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTIONS. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of shareholder derivative litigation summarized in this Notice and set forth in the parties' Stipulation of Settlement (the "Stipulation"). This Notice is provided by Order of the United States District Court for the Central District of California, Western Division (the "Court"). It is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlement, and your rights related thereto. Except for any terms specifically defined herein, this Notice incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

- 1 -

38

## I.   WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the settlement of the action styled *In re KB Home Shareholder Derivative Litigation*, Master File No. CV-06-05148-FMC(CTx) (the "Federal Action"), and the related action pending in the Superior Court of the State of California for the County of Los Angeles entitled *In re KB Home Derivative Litigation*, Master Case No. BC355179 (the "State Action") (collectively with the Federal Action, the "Actions"). All parties to the Actions have agreed upon terms to settle the Actions and have signed the Stipulation on file with the Court setting forth those settlement terms.

On _____, 2009, at _____.m., the Court will hold a hearing (the "Final Hearing") in the Federal Action. The purpose of the Final Hearing is to determine: (i) whether the terms of the Settlement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances.

## II.   SUMMARY OF THE ACTIONS

On August 16, 2006, plaintiff John Redfield filed a complaint in the United States District Court for the Central District of California, Western Division, Case No. CV-06-5148-FMC. On August 31, 2006, plaintiff Doris Staehr filed a complaint under the caption *Staehr v. Karatz, et al.*, Case No. CV-06-5515 in the same court. The two complaints were consolidated by order dated September 21, 2006, as *In re KB Home Shareholder Derivative Litigation*, Master File No. CV-06-5148-FMC(CTx). In the same order, John Redfield and Doris Staehr were appointed lead plaintiffs, and co-lead counsel were appointed.

3 9

On and after July 10, 2006, two shareholder derivative actions were filed in the Superior Court of the State of California for the County of Los Angeles and were consolidated as *In re KB Home Derivative Litigation*, Master Case No. BC355179.[1]

Both the Federal Action and the State Action allege claims on behalf of KB Home against certain current and former KB Home officers and directors, arising from or relating to the granting of stock options at the Company between 1999 and 2005.

On August 24, 2006, KB Home announced that it had been notified by the United States Securities and Exchange Commission ("SEC") of an informal investigation into its historical stock option grants and procedures. On October 19, 2006, KB Home filed a Report on 12b-25 with the SEC stating that the Company would be unable to timely file its Report on Form 10-Q for the quarter ended August 31, 2006, due to the ongoing internal investigation into KB Home's stock option grants. The Company also stated in the same report that the Audit and Compliance Committee of the Company's Board of Directors had reached the preliminary conclusion that "the actual measurement dates for financial accounting purposes of certain stock option grants likely differ from the recorded grant dates," and "[a]s a result, additional non-cash charges for stock based compensation relating to these grants may need to be recorded."

On November 12, 2006, the Company announced that its internal investigation had concluded that during the period from 1998 to 2005, the Company used incorrect measurement dates for financial reporting purposes, and that "the incremental non-cash compensation expense arising from these errors is not likely to exceed an aggregate of $50 million, spread over the vesting periods of the options in question. The errors also require an increased tax provision."

---

[1] On February 7, 2007, the Superior Court of California, County of Los Angeles, entered an order staying the State Action pending resolution of the Federal Action.

40

On December 8, 2006, KB Home announced that its management had determined that, due to incorrect measurement dates for stock option grants, certain of its previously issued financial statements "should no longer be relied upon and will be restated."  At the time, KB Home estimated that the total incremental non-cash compensation expense arising from the stock option dating errors would be approximately $41 million, that its balance sheet would be impacted by an increase of approximately $60 million in liabilities with a corresponding decrease in shareholders' equity, and that its income tax provision would increase by approximately $15 million.

On January 9, 2007, Federal Plaintiffs filed a Verified Consolidated Shareholder Derivative Complaint ("Consolidated Complaint").  On April 2 and 3, 2007, Defendants filed various motions to dismiss the Consolidated Complaint, seeking to dismiss Federal Plaintiffs' claims for, among other reasons, failure to state a claim and failure to make a pre-suit demand on the KB Home Board of Directors.

On May 18, 2007, Federal Plaintiffs filed a Motion for Partial Summary Judgment seeking summary adjudication for their claims against defendant Bruce Karatz ("Karatz") for filing false proxy statements in violation of Section 14(a) of the Securities Exchange Act of 1934 (and Rule 14a-9 promulgated thereunder) and for insider trading against defendants Karatz and Gary A. Ray ("Ray") in violation of California Corporations Code section 25402.  Federal Plaintiffs also filed their oppositions to Defendants' motions to dismiss on May 22, 2007.

On May 25, 2007, defendant Ray filed a Motion to Deny Plaintiffs' Motion for Partial Summary Judgment or to Continue Hearing.  The parties submitted several stipulations and proposed orders suspending further briefing and hearings on the pending motions in order to mediate the Actions.

On May 11, 2007, Plaintiffs made their initial settlement demand on the Company. Between August 2007 and October 2008, Federal Plaintiffs, the Individual Defendants and KB Home engaged in extensive arm's-length negotiations over the

41

terms of reimbursements to the Company, option cancellations and re-pricing, and corporate governance reform measures to be adopted by the Company as part of any resolution of the Federal Action. On August 13 and 14, 2007, counsel for the Federal and State Plaintiffs, counsel for nominal party KB Home, and counsel for the Individual Defendants and Defendants' insurers held a mediation before the Honorable Daniel Weinstein (Ret.) in an attempt to resolve the Federal Action. The parties continued their arm's-length negotiations over a protracted period, both in larger groups of all parties and smaller groups of selected parties, with further mediations in Northern California and New York on August 18, 2007; November 26-27, 2007; April 8, 2008; June 6, 2008; and August 13, 2008. Judge Weinstein conducted all of these sessions in person, and also participated in numerous phone calls, conference calls, and other communications during this 14-month process.

As a result of these negotiations, on or about October 15, 2008, the Settling Parties reached an agreement-in-principle for the resolution of the Actions, as documented herein.

All parties to the Actions have agreed to a resolution of the claims asserted therein and any and all claims which could have been asserted therein, as set forth in the Stipulation. All parties and their counsel concur that the Settlement described herein is fair, reasonable, adequate, and in the best interest of KB Home and its shareholders.

## III.   TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions and other matters that are part of the Settlement, which is subject to approval by the Court, are summarized below. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court.

The terms of the Settlement set forth in the Stipulation include the following:

1.    The Defendants in the Actions acknowledge that the commencement and prosecution of the Actions related to and preceded the payments to the Company and

1   corporate governance reforms adopted and/or to be implemented by KB Home as
2   described in the Stipulation.  The Defendants acknowledge that such payments and
3   corporate governance enhancements confer a substantial benefit to KB Home.

4            (a)      Corporate Governance Reforms.   KB Home and the Federal
5   Plaintiffs have conducted negotiations and have reached agreement regarding various
6   corporate governance issues, including certain enhancements to internal controls and
7   procedures at the Company, which include internal controls and procedures that relate
8   to certain of the allegations raised in the Actions, and which measures have been
9   reviewed and agreed upon by counsel for the State Plaintiffs.   KB Home
10  acknowledges that the Actions were a material factor in the Company's decision to
11  adopt and/or maintain the corporate governance provisions set forth in the Stipulation.

12           (b)      Payments to KB Home

13           (i)      Terms Relating to Defendant Karatz: Counsel for Federal
14  Plaintiffs, State Plaintiffs, Karatz, and KB Home have conducted negotiations for the
15  settlement of any and all claims that Karatz may have against the Company and any
16  and all claims the Company may have against Karatz related to the claims alleged in
17  the Actions and have agreed to the following:

18  • Defendant Karatz has made or shall make a cash payment to KB Home in
19      the total amount of $8,494,890.50, which shall include a credit for
20      $6,714,819.27 already paid to KB Home by Karatz on October 7, 2008;

21  • Defendant Karatz agrees to forfeit 1,379,594 shares of his restricted KB
22      Home stock and 3,011,452 outstanding vested and unvested options to
23      purchase KB Home common stock;

24  • Defendant Karatz agrees to release the Company from any claims or
25      potential claims for vested unexpired options and any unpaid amounts from
26      the Company and for any claims or potential claims for cash severance,
27      including without limitation, the $62 million cash payment Karatz claims is
28      called for in accordance with Section 5(c) of his Employment Agreement,

43

and any claims to any other benefits under Section 6 of his Employment Agreement with KB Home (including lifetime medical benefits, dental benefits, and office and administrative support). In exchange, the Company agrees to release Karatz from any claims or potential claims that have been or could have been alleged by KB Home or Federal or State Plaintiffs in the Federal and State Actions. The Company further agrees that, notwithstanding any other provision of the Stipulation, Karatz does not release and the Company agrees not to compromise or seek termination of (1) any and all of its indemnification obligations to Karatz under Delaware law, the Company's Articles of Incorporation and Bylaws, or in agreements between the Company and Karatz (or any disputes the parties may currently have with respect to these issues), and (2) certain vested and/or related rights held by Karatz, specifically, his deferred compensation, retirement plan and Supplemental Executive Retirement Plan benefits, his Death Benefit Only life insurance benefit, his unpaid, prorated incentive compensation and UPP payments for 2006 (minus a $1,000,000 deduction) and 156,325 net shares of KB Home restricted stock to be released to Karatz, as detailed in the Stipulation.

(ii)     Terms Relating to Defendant Ray: Counsel for Federal Plaintiffs, State Plaintiffs, Ray, and KB Home have conducted negotiations for the settlement of any and all claims that Ray may have against the Company and any and all claims the Company may have against Ray related to the claims alleged in the Actions and have agreed to the following:

- Defendant Ray shall make a $1,000,000 cash payment to KB Home and will relinquish his entire account balance of approximately $164,000 in the KB Home Non-Qualified Deferred Compensation Plan;

- Defendant Ray agrees that, as a result of the circumstances under which he separated from KB Home, he shall forfeit all 11,800 shares of his restricted

**44**

1    KB Home stock and 251,544 outstanding vested and unvested options to
2    purchase KB Home common stock;

3    • Defendant Ray agrees to release the Company from any claims or potential
4      claims for vested unexpired options and any unpaid amounts from the
5      Company.  Defendant Ray also agrees to release the Company from any
6      claims or potential claims for: any benefits under KB Home's Retirement
7      Plan; any benefits under KB Home's Death Benefit Only Plan; and for
8      unpaid bonuses, unpaid UPP performance awards or any other
9      compensation or claims in connection with his employment at KB Home.
10     In exchange, the Company agrees to release Ray from any claims or
11     potential claims that have been or could have been alleged by KB Home or
12     Federal or State Plaintiffs in the Federal and State Actions.  The Company
13     further agrees not to compromise or seek termination of any and all of its
14     indemnification obligations to Ray under Delaware law, the Company's
15     Articles of Incorporation and Bylaws, or agreements between the Company
16     and Ray.  KB Home and Ray acknowledge and agree that the Federal
17     Action was a material factor in Ray's decision to forfeit restricted stock,
18     cancel options to purchase KB Home common stock, release any claims or
19     potential claims for unpaid amounts or stock options, and make a cash
20     contribution to the Company.

21          (iii)    Terms Relating to Insurance Monies: In conjunction with
22   this Settlement, various insurance carriers have also agreed to pay KB Home $21.5
23   million.

24          (iv)    KB Home, Karatz and Ray acknowledge and agree that the
25   negotiations between and among the Settling Parties was the direct cause of Karatz's
26   and Ray's decision to forfeit the restricted stock and options identified above, to
27   release any claims identified above; and Karatz's, Ray's and the D&O carriers'
28   decisions to make the cash contributions to the Company identified above.

2.     The Stipulation also provides for the entry of judgment dismissing the Federal Action against KB Home and the Individual Defendants with prejudice and, as explained in more detail in the Stipulation, barring and releasing certain known or unknown claims that have been, or could have been, brought in any court by the Plaintiffs in the Actions or by KB Home, or any of its shareholders, against KB Home and the Individual Defendants relating to any of the claims or matters that were or could have been alleged or asserted in any of the pleadings or papers filed in the Actions. The Stipulation further provides that the entry of judgment will bar and release any known or unknown claims that have been or could have been brought by the Defendants against Plaintiffs or Plaintiffs' Counsel arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Actions. In addition, after the Effective Date (as defined in the Stipulation), the State Action will be dismissed with prejudice.

## IV.     PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES

After negotiating the payments to the Company and the Corporate Governance Reforms, counsel for Plaintiffs and KB Home, with the actual assistance and participation of Judge Weinstein, negotiated the attorneys' fees to be paid to counsel for Plaintiffs in light of the substantial benefits conferred upon the Company. KB Home has agreed to pay $10,500,000 to counsel for Plaintiffs in the Actions for their fees and expenses, subject to Court approval ("Fee Award"). The Fee Award includes fees and expenses incurred by Plaintiffs' Counsel in connection with the prosecution and settlement of the Actions. To date, Plaintiffs' Counsel have not received any payments in connection with the Actions. The Fee Award will compensate Plaintiffs' Counsel for the results achieved in the Actions.

## V.     REASONS FOR THE SETTLEMENT

Counsel for the Settling Parties believe that the Settlement is in the best interests of the Settling Parties, including KB Home, and Current KB Home Shareholders.

### A.     Why Did Plaintiffs Agree to Settle?

Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Actions. Plaintiffs' Counsel analyzed the evidence adduced during their investigation, and researched the applicable law with respect to the claims of Plaintiffs, Current KB Home Shareholders, and KB Home against the Defendants and the potential defenses thereto.

Based upon their investigation as set forth above, Plaintiffs and their counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs, Current KB Home Shareholders, and KB Home, and in their best interests, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of the Stipulation after considering, among other things: (a) the substantial benefits that Current KB Home Shareholders and KB Home have received or will receive from the Settlement, (b) the attendant risks of continued litigation of the Actions, (c) actions taken by the Company and its Board of Directors in response to alleged options dating issues at KB Home, and (d) the desirability of permitting the Settlement to be consummated.

In particular, Plaintiffs and their counsel considered the significant litigation risk inherent in these shareholder derivative actions. The law imposes significant burdens on plaintiffs for pleading and proving a shareholder derivative claim. While Plaintiffs believe their claims are meritorious, Plaintiffs acknowledge that there is a substantial risk that the Actions may not succeed in producing a recovery in light of the applicable legal standards and possible defenses. Plaintiffs and their counsel

47

1  believe that, under the circumstances, they have obtained the best possible relief for
2  KB Home and Current KB Home Shareholders.

3          **B.**    **Why Did the Defendants Agree to Settle?**

4       The Defendants have strenuously denied, and continue strenuously to deny,
5  each and every allegation of liability made against them or that could have been made
6  against them in the Actions, and assert that they have meritorious defenses to those
7  claims and that judgment should be entered dismissing all claims against them with
8  prejudice.  The Defendants have thus entered into the Stipulation solely to avoid the
9  continuing additional expense, inconvenience, and distraction of this burdensome
10  litigation and to avoid the risks inherent in any lawsuit, and without admitting any
11  wrongdoing or liability whatsoever.

12  **VI.   FINAL HEARING**

13       On _____, 2009, at _____ ___.m., the Court will hold a final
14  hearing at the United States District Court for the Central District of California,
15  Western Division, Courtroom 750, 255 East Temple Street, Los Angeles, CA 90012
16  ("Final Hearing").  At the Final Hearing, the Court will consider whether the terms of
17  the Settlement are fair, reasonable, and adequate and thus should be finally approved
18  and whether the Federal Action should be dismissed with prejudice, and the Judgment
19  described in the Stipulation entered thereon, pursuant to the Stipulation.

20  **VII.  RIGHT TO ATTEND FINAL HEARING**

21       Any Current KB Home Shareholder may, but is not required to, appear in
22  person at the Final Hearing.  If you want to be heard at the Final Hearing, then you
23  must first comply with the procedures for objecting, which are set forth below.  The
24  Court has the right to change the hearing date or time without further notice.  Thus, if
25  you are planning to attend the Final Hearing, you should confirm the date and time
26  before going to the Court.  ***CURRENT KB HOME SHAREHOLDERS WHO HAVE***
27  ***NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE***
28  ***FINAL HEARING OR TAKE ANY OTHER ACTION.***

4 8

## VIII. RIGHT TO OBJECT TO THE SETTLEMENT AND PROCEDURES FOR DOING SO

You have the right to object to any aspect of the Settlement. You must object in writing, and you may request to be heard at the Final Hearing. If you choose to object, then you must follow these procedures.

### A. You Must Make Detailed Objections in Writing

Any objections must be presented in writing and must contain the following information:

1. Your name, legal address, and telephone number;

2. Proof of being a Current KB Home Shareholder as of the Record Date;

3. The date(s) you acquired your KB Home shares;

4. A statement of your position with respect to the matters to be heard at the Final Hearing, including a statement of each objection being made;

5. The grounds for each objection or the reasons for your desiring to appear and to be heard;

6. Notice of whether you intend to appear at the Final Hearing (this is not required if you have lodged your objection with the Court); and

7. Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Final Hearing and the subject(s) of their testimony.

8. The Court may not consider any objection that does not substantially comply with these requirements.

### B. You Must Timely Deliver Written Objections to the Court, Plaintiffs' Counsel, and Defendants' Counsel

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2009. The Court Clerk's address is:

- 12 -

49

Clerk of the Court
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS' COUNSEL AND COUNSEL FOR DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN _____, 2009.  Counsel's addresses are:

***Co-Lead Counsel for Federal Plaintiffs***

Ellen Gusikoff Stewart
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

***Co-Lead Counsel for State Plaintiffs***

Daniel L. Germain
ROSMAN & GERMAIN LLP
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436

***Counsel for Nominal Party KB Home***

Bruce A. Abbott
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

***Counsel for Defendant Bruce Karatz***

Christopher G. Caldwell
CALDWELL, LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017

5 0

***Counsel for Defendant Gary Ray***

Mark E. Beck
ORRICK, HERRINGTON & SUTCLIFFE
777 S. Figueroa Street, Suite 3200
Los Angeles, CA 90017

***Counsel for Defendants James A. Johnson, Ray R. Irani, Louis G.
Nogales, Ron Burkle, Kenneth M. Jastrow II, J. Terrence Lanni,
Michael G. McCaffery, Melissa Lora, Leslie Moonves, Timothy W.
Finchem, Jeffrey T. Mezger, Robert Freed, Jay L. Moss, Michael F.
Henn, Albert Z. Praw, Glen Barnard, John E. Goodwin, Domenico
Cecere, Cory F. Cohen, William R. Hollinger, Leah S.W. Bryant,
Steven M. Davis, Lawrence E. Oglesby, Barry A. Munitz, Sanford C.
Sigoloff, Henry G. Cisneros, Charles R. Rinehart, Steve Bartlett and
Lisa G. Kalmbach***

Michael Farhang
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

***Counsel for Defendant Richard B. Hirst***

Bert Deixler
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to Plaintiffs' Counsel and counsel for Defendants.

Any Person or entity who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding.

51

1  **IX.    HOW TO OBTAIN ADDITIONAL INFORMATION**

2          This Notice summarizes the Stipulation.  It is not a complete statement of the

3  events of the Actions or the Stipulation.

4          You may inspect the Stipulation and other papers in the Federal Action at the

5  United States District Clerk's office at any time during regular business hours of each

6  business day.  The Clerk's office is located at the United States District for the Central

7  District of California, Western Division, 312 North Spring Street, Los Angeles,

8  California.  However, you must appear in person to inspect these documents.  The

9  Clerk's office will not mail copies to you.

10          PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS

11  TO EITHER THE COURT OR THE CLERK'S OFFICE.  Any questions you have

12  about matters in this Notice should be directed by telephone to 619/231-1058 or in

13  writing to Rick Nelson, c/o Shareholder Relations, Coughlin Stoia Geller Rudman &

14  Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

15  DATED _____, 2008              BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
16                                        CENTRAL DISTRICT OF
17                                        CALIFORNIA
                                          WESTERN DIVISION
18

19  S:\Settlement\KB Home.set\(v1) A100055246.doc

20

21

22

23

24

25

26

27

28

52

**EXHIBIT A-2**

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III (148274)
KATHLEEN A. HERKENHOFF (168562)
ELLEN GUSIKOFF STEWART (144892)
BENNY C. GOODMAN III (211302)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@csgrr.com
kathyh@csgrr.com
elleng@csgrr.com
bennyg@csgrr.com
  – and –
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
abaig@csgrr.com

ROBBINS UMEDA & FINK, LLP
JEFFREY P. FINK (199291)
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)
fink@ruflaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KB HOME SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) | Master File No. CV-06-05148-FMC(CTx) |
| This Document Relates To: | ) ) ) | SUMMARY NOTICE OF SETTLEMENT |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-2 |

**NOTICE OF SETTLEMENT OF DERIVATIVE ACTIONS**

TO:   ALL CURRENT HOLDERS OF KB HOME ("KB HOME" OR THE
      "COMPANY") COMMON STOCK AS OF DECEMBER 9, 2008

PLEASE TAKE NOTICE that the above-captioned shareholder derivative action, as well as the related consolidated derivative action in Los Angeles Superior Court entitled *In re KB Home Derivative Litigation*, Master Case No. BC355179 (collectively, the "Actions"), are being settled.  The terms of the proposed settlement of the Actions (the "Settlement") are set forth in a Stipulation of Settlement dated December 9, 2008 (the "Stipulation").  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court.

The terms of the Settlement set forth in the Stipulation include: (1) certain payments and/or contributions to KB Home (including: from defendant Bruce Karatz ("Karatz"), a cash payment of $8,494,890.50, forfeiture of 1,379,594 shares of restricted KB Home stock and 3,011,452 outstanding vested and unvested options to purchase KB Home stock, and a release of certain claims or potential claims against KB Home, including a $62 million cash payment that Karatz claims is called for in accordance with his Employment Agreement; from defendant Gary A. Ray ("Ray"), a cash payment of $1,000,000, relinquishment of Ray's account balance of approximately $164,000 in the KB Home Non-Qualified Deferred Compensation Plan, forfeiture of 11,800 shares of restricted KB Home stock and 251,544 outstanding vested and unvested options to purchase KB Home common stock, and a release of certain claims or potential claims against KB Home; and from various insurance carriers, payment of $21.5 million); (2) the adoption and/or implementation of a variety of corporate governance measures, including measures that relate to and address many of the underlying issues in the Actions, including, but not limited to, director independence, officer and director compensation, and stock option granting procedures; and (3) KB Home's advancement of Plaintiffs' Counsel's attorneys' fees

54

1 and expenses in the amount of $10,500,000, subject to Court approval.  Defendant

2 Karatz has not released, and KB Home has agreed not to seek termination of: any and

3 all of KB Home's indemnification obligations to Karatz under Delaware law, KB

4 Home's Articles of Incorporation and Bylaws, or in agreements between KB Home

5 and Karatz (or any disputes the parties may currently have with respect to these

6 issues); and certain vested and/or related rights held by Karatz, specifically, his

7 deferred compensation, retirement plan and Supplemental Executive Retirement Plan

8 benefits, his Death Benefit Only life insurance benefit, his unpaid, prorated incentive

9 compensation at UPP payments for 2006 (minus a $1,000,000 deduction) and 156,325

10 net shares of KB Home restricted stock to be released to Karatz.

11      IF YOU ARE A CURRENT OWNER OF KB HOME COMMON STOCK,

12 YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.

13 A more detailed form of notice describing the Settlement is available on the "Investor

14 Relations" section of KB Home's website and can be viewed at www.kbhome.com.

15      On _____, 2009, at _____.m., a hearing (the "Settlement Hearing") will

16 be held before the United States District Court for the Central District of California,

17 Western Division, Courtroom 750, 255 East Temple Street, Los Angeles, CA 90012,

18 to determine: (1) whether the terms of the Settlement should be approved as fair,

19 reasonable, and adequate; and (2) whether the above-entitled action should be

20 dismissed on the merits and with prejudice.

21      Any stockholder of KB Home that objects to the Settlement of the Actions shall

22 have a right to appear and to be heard at the Settlement Hearing, provided that he or

23 she was a stockholder of record as of December 9, 2008.  Any stockholder of KB

24 Home who satisfies this requirement may enter an appearance through counsel of such

25 member's own choosing and at such member's own expense or may appear on their

26 own.  However, no stockholder of KB Home shall be heard at the Settlement Hearing

27 unless no later than fourteen (14) days prior to the date of the Settlement Hearing,

28 such stockholder has filed with the Court and delivered to counsel for the Settling

1   Parties a written notice of objection, their ground for opposing the Settlement, and

2   proof of both their status as a stockholder and the dates of stock ownership in KB

3   Home. Only stockholders who have filed and delivered valid and timely written

4   notices of objection will be entitled to be heard at the Settlement Hearing unless the

5   Court orders otherwise.

6        If you wish to object to the Settlement, you must file a written objection setting

7   forth the grounds for such an objection with the Court on or before _____,

8   2009, with service on the following parties:

9   Ellen Gusikoff Stewart                    Daniel L. Germain

10   Coughlin Stoia Geller Rudman &       Rossman & Germain LLP
     Robbins LLP                       16311 Ventura Boulevard, Suite 1200

11   655 West Broadway, Suite 1900        Encino, CA 91436
    San Diego, CA 92101

12   Bruce A. Abbott                     Christopher G. Caldwell
    Munger, Tolles & Olson LLP         Caldwell, Leslie & Proctor, PC

13   355 South Grand Avenue, 35th Floor   1000 Wilshire Boulevard, Suite 600
    Los Angeles, CA 90071            Los Angeles, CA 90017

14   Mark E. Beck                      Michael Farhang

15   Orrick, Herrington & Sutcliffe       Gibson, Dunn & Crutcher LLP
    777 S. Figueroa Street, Suite 3200    333 South Grand Avenue

16   Los Angeles, CA 90017            Los Angeles, CA 90071

   Bert Deixler

17   Proskauer Rose LLP
    2049 Century Park East, Suite 3200

18   Los Angeles, CA 90067

19        Inquiries, other than requests for the detailed form of notice, may be made to

20   Plaintiffs' Counsel: Rick Nelson, c/o Shareholder Relations, Coughlin Stoia Geller

21   Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101;

22   phone 619-231-1058.

23

24   DATED: _____, 2008      BY ORDER OF THE COURT
                               UNITED STATE DISTRICT COURT

25                                 CENTRAL DISTRICT OF CALIFORNIA
                                WESTERN DIVISION

26

27   <span style="font-size:small">S:\Settlement\KB Home.set\(v2) A200056150-summary notice.doc</span>

28

5 6

**EXHIBIT B**

1 │ COUGHLIN STOIA GELLER
  │   RUDMAN & ROBBINS LLP
2 │ TRAVIS E. DOWNS III (148274)
  │ KATHLEEN A. HERKENHOFF (168562)
3 │ ELLEN GUSIKOFF STEWART (144892)
  │ BENNY C. GOODMAN III (211302)
4 │ 655 West Broadway, Suite 1900
  │ San Diego, CA  92101-3301
5 │ Telephone:  619/231-1058
  │ 619/231-7423 (fax)
6 │ travisd@csgrr.com
  │ kathyh@csgrr.com
7 │ elleng@csgrr.com
  │ bennyg@csgrr.com
8 │   – and –
  │ SHAWN A. WILLIAMS (213113)
9 │ AELISH M. BAIG (201279)
  │ 100 Pine Street, Suite 2600
10 │ San Francisco, CA  94111
  │ Telephone:  415/288-4545
11 │ 415/288-4534 (fax)
  │ shawnw@csgrr.com
12 │ abaig@csgrr.com

13 │ ROBBINS UMEDA & FINK, LLP
  │ JEFFREY P. FINK (199291)
14 │ 610 West Ash Street, Suite 1800
  │ San Diego, CA  92101
15 │ Telephone:  619/525-3990
  │ 619/525-3991 (fax)
16 │ fink@ruflaw.com

17 │ Lead Counsel for Plaintiffs

18 │ UNITED STATES DISTRICT COURT

19 │ CENTRAL DISTRICT OF CALIFORNIA

20 │ WESTERN DIVISION

| 21 | In re KB HOME SHAREHOLDER DERIVATIVE LITIGATION | ) | Master File No. CV-06-05148-FMC(CTx) |
|----|-----|-----|-----|
| 22 | | ) | |
| 23 | This Document Relates To: | ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| 24 | ALL ACTIONS. | ) ) | |
| 25 | | ) | EXHIBIT B |

26

27

28

1         This matter came before the Court for hearing pursuant to the order of this
2    Court dated _____, 2008 ("Order"), on the application of the parties for
3    approval of the proposed settlement ("Settlement") set forth in the Stipulation of
4    Settlement dated December 9, 2008 (the "Stipulation").  Due and adequate notice
5    having been given to current KB Home ("KB Home") shareholders as required in said
6    Order, and the Court having considered all papers filed and proceedings had herein
7    and otherwise being fully informed in the premises and good cause appearing therefor,
8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

9         1.    This Judgment incorporates by reference the definitions in the
10   Stipulation, and all capitalized terms used herein shall have the same meanings as set
11   forth in the Stipulation.

12        2.    This Court has jurisdiction over the subject matter of the Federal Action,
13   including all matters necessary to effectuate the Settlement, and over all Settling
14   Parties to the Actions.

15        3.    The Court finds that the Notice of Proposed Settlement (the "Notice")
16   provided to KB Home shareholders was the best notice practicable under the
17   circumstances.  The Notice fully satisfied the requirements of Federal Rule of Civil
18   Procedure 23.1 and the requirements of due process.

19        4.    The Federal Action and all claims contained therein, as well as all of the
20   Released Claims, are dismissed with prejudice.  As among Plaintiffs, Individual
21   Defendants and nominal party KB Home, the parties are to bear their own costs,
22   except as otherwise provided in the Stipulation.

23        5.    The Court finds that the terms of the Stipulation and Settlement are fair,
24   reasonable, and adequate as to each of the Settling Parties, and hereby finally
25   approves the Stipulation and Settlement in all respects, and orders the Settling Parties
26   to perform its terms to the extent the Settling Parties have not already done so.

27        6.    Upon the Effective Date, as defined in the Stipulation, KB Home, current
28   KB Home shareholders and the Plaintiffs (acting on their own behalf and, derivatively

5 8

1  on behalf of KB Home) shall be deemed to have, and by operation of the Judgment
2  shall have, fully, finally, and forever released, relinquished and discharged the
3  Released Claims against the Released Persons and any and all causes of action or
4  claims (including Unknown Claims) that have been or could have been asserted in the
5  Actions by Plaintiffs, KB Home or any current KB Home shareholder individually or
6  derivatively on behalf of KB Home, against the Defendants or the Released Persons
7  arising out of or relating to the matters or occurrences that were alleged in the Actions
8  or that arise from or relate to the matters or occurrences that were alleged in the
9  Actions, including any claims related to the public disclosures relating to stock option
10 grants and purchases or the transactions referenced therein, however described,
11 through and including the date of the execution of the Stipulation.  Nothing herein
12 shall in any way impair or restrict the rights of any Settling Party to enforce the terms
13 of the Stipulation.

14      7.      Upon the Effective Date, as defined in the Stipulation, each of the
15 Released Persons shall be deemed to have, and by operation of the Judgment shall
16 have, fully, finally, and forever released, relinquished and discharged each and all of
17 the Plaintiffs, Plaintiffs' Counsel, KB Home, and all of the KB Home shareholders
18 (solely in their capacity as KB Home shareholders) from all claims (including
19 Unknown Claims) arising out of, relating to, or in connection with, the institution,
20 prosecution, assertion, settlement or resolution of the Actions or the Released Claims.
21 Nothing herein shall in any way impair or restrict the rights of any Settling Party to
22 enforce the terms of the Stipulation.

23      8.      The Court hereby approves the fee award in accordance with the
24 Stipulation and finds that such fee is fair and reasonable.

25      9.      Neither the Stipulation nor the Settlement, nor any act performed or
26 document executed pursuant to or in furtherance of the Stipulation or the Settlement:
27 (a) is or may be deemed to be or may be offered, attempted to be offered or used in
28 any way by the Settling Parties or any other Person as a presumption, a concession or

- 2 -                        5 9

an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Defendants; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____    _____

THE HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

S:\Settlement\KB Home.set\EB00055247.doc

- 3 -

6 0