COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III (148274)
KATHLEEN A. HERKENHOFF (168562)
ELLEN GUSIKOFF STEWART (144892)
BENNY C. GOODMAN III (211302)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@csgrr.com
kathyh@csgrr.com
elleng@csgrr.com
bennyg@csgrr.com
    – and –
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@csgrr.com
abaig@csgrr.com

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (190264)
FELIPE J. ARROYO (163803)
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)
brobbins@robbinsumeda.com
farroyo@robbinsumeda.com

Lead Counsel for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re KB HOME SHAREHOLDER DERIVATIVE LITIGATION | Master File No. **2:06-cv-05148-FMC-CTx** |
| This Document Relates To: | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| CV-06-05515-RGK-SH | DATE: February 9, 2009<br>TIME: 3:00 p.m.<br>CTRM: The Honorable Florence-Marie Cooper |

This matter came before the Court for hearing pursuant to the order of this Court dated December 15, 2008 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated December 9, 2008 (the "Stipulation"). Due and adequate notice having been given to current KB Home ("KB Home") shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Actions.

3. The Court finds that the Notice of Proposed Settlement (the "Notice") provided to KB Home shareholders was the best notice practicable under the circumstances. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiffs, Individual Defendants and nominal party KB Home, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, KB Home, current KB Home shareholders and the Plaintiffs (acting on their own behalf and, derivatively

on behalf of KB Home) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all causes of action or claims (including Unknown Claims) that have been or could have been asserted in the Actions by Plaintiffs, KB Home or any current KB Home shareholder individually or derivatively on behalf of KB Home, against the Defendants or the Released Persons arising out of or relating to the matters or occurrences that were alleged in the Actions or that arise from or relate to the matters or occurrences that were alleged in the Actions, including any claims related to the public disclosures relating to stock option grants and purchases or the transactions referenced therein, however described, through and including the date of the execution of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

      7. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, KB Home, and all of the KB Home shareholders (solely in their capacity as KB Home shareholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

      8. The Court hereby approves the fee award in accordance with the Stipulation and finds that such fee is fair and reasonable.

      9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or

an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Defendants; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 2/9/09   _____
THE HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE